IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney Dale Ivey, #324929, | ) | C/A No.: 1:16-1037-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Kirkland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Rodney Dale Ivey ("Petitioner") is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 12, 13]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 14]. Petitioner filed a response on July 12, 2016, and Respondent filed a reply on July 14, 2016. [ECF Nos. 16, 17].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.   Factual and Procedural Background

According to the facts presented by the solicitor during the guilty plea hearing, Petitioner and his wife, Devin Hamm Ivey ("Ivey"), were staying in a hotel on June 9, 2011. [ECF No. 13-1 at 8–9]. Ivey decided to leave and Petitioner choked her until she went limp. *Id.* at 9–10. Petitioner then put Ivey in the bed and he lay with her body all night. *Id.* at 10. The next morning, Petitioner wrapped Ivey's body in a sheet before leaving her body on a dirt road. *Id*. Petitioner reported Ivey missing and told investigators several different stories concerning the events of June 9. *Id.* at 10–11. Ivey's body was found six days later. *Id.* at 11.

Petitioner was indicted by the Florence County grand jury during the January 2012 term of court for murder (2012-GS-21-119). [ECF No. 13-1 at 81–82]. Petitioner was represented by Scott P. Floyd, Esq., and on June 8, 2012, Petitioner pled guilty to murder before the Honorable Michael G. Nettles, Circuit Court Judge. *Id.* at 3–32. Judge Nettles sentenced Petitioner to life in prison. *Id.* at 32.

Petitioner filed an appeal from his guilty plea and sentence on or about June 9, 2012, *id.* at 34, which the South Carolina Court of Appeals dismissed on April 4, 2013. [ECF No. 13-2]. The remittitur was issued on April 22, 2013. [ECF No. 13-3].

Petitioner filed an application for post-conviction relief ("PCR") on October 13, 2013, in which he alleged ineffective assistance of counsel and violation of due process claims. [ECF No. 13-1 at 36–42]. A PCR evidentiary hearing was held before the

Honorable D. Craig Brown, Circuit Court Judge, on April 15, 2015, at which Petitioner and his counsel, Josh Thomas, Esq., appeared. *Id.* at 50–74. On June 1, 2015, Judge Brown filed an order of dismissal. *Id.* at 75–80.

Petitioner appealed from the denial of PCR. Appellate Defender John H. Strom of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. [ECF No. 13-4]., Attorney Strom filed a *Johnson* petition[1] for writ of certiorari in the South Carolina Supreme Court on or about December 9, 2015, raising the following issue:

> Did the PCR court err in finding plea counsel provided effective assistance of counsel where Petitioner asserts that he would have gone to trial had plea counsel not told him the plea judge would sentence him to no more than thirty years imprisonment?

*Id.* at 3. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. *Id.* at 11. On March 7, 2016, the South Carolina Supreme Court denied the petition for certiorari. [ECF No. 13-5]. The remittitur was issued on March 25, 2016. [ECF No. 13-6].

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

Petitioner filed this federal petition for a writ of habeas corpus on March 30, 2016. [ECF No. 1-2 at 1].[2]

II.     Discussion

    A.     Federal Habeas Issues

Petitioner states the following ground in his petition:

**Ground One:**     Ineffective Assistance of Counsel

> Supporting Facts: My lawyer Mr. Scott P. Floyod led me to believe I would get 30 years on my murder charge. If he would have told me he had any doubt that I would not get the 30 years I would have chosen to go to a trial.

[ECF No. 1 at 5] (errors in original).

    B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable

---

[2] The petition was received and docketed by the court on March 31, 2016. [ECF No. 1-2 at 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on March 30, 2016. [ECF No. 1-2 at 1].

jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in

5

light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1)

through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

### b. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

          3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting

from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D.   Analysis

In Ground One, Petitioner alleges his counsel was ineffective because he led Petitioner to believe the court would sentence him to 30 years on his murder charge. [ECF No. 1 at 5].

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard

that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102, *quoting Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

At the PCR hearing, Petitioner testified:

Q.   Okay. When you pled guilty, what was your - - what was your understanding of what your sentence was going to be?

A.   I - - I was thinking I was going to get 30 years is what I was thinking.

Q.   Okay. And why did you think that - -

A.   Or from my understanding.

Q.   Okay. I didn't mean to interrupt you. Why - - why did you think that?

A.   Because I mean he led - - I mean pretty much he led me to believe that's what I was going to get, 30 years. That's the only reason I took the - - the guilty plea.

Q.   Okay. When you signed the sentencing sheet, do you recall that?

A.   Yes, sir.

Q.   Okay. Is that - - what did you think you were signing then?

A.   The plea for the 30 years.

Q.   Okay. You thought it was - - when you signed that, you thought it was for - -

A.   No. I knew it was an open plea, but from what he - - I thought he was going to get me the 30 years.

Q.   Okay. An again, why did you think that?

A.   That's what he - - I asked him was he going to get me the 30 years and he said he was sure he could. That he could get me in front of Judge Nettles, who was a good judge, and I just felt like he was going to get it for me.

[ECF No. 13-1 at 61–62].

14

Counsel testified he explained to Petitioner the maximum and minimum sentence in his case, and told Petitioner he was entering a "straight-up plea to murder. There were no recommendations or negotiations." *Id.* at 68–69. Counsel stated he never promised Petitioner he would get 30 years, or that Judge Nettles was going to give him 30 years. *Id.* at 69.

In rejecting Petitioner's claim that his guilty plea was involuntary and induced by misadvice of plea counsel, the PCR court found:

> Regarding this allegation, the Court finds plea counsel's testimony credible and gives it great weight. The Court finds Applicant's testimony he was told he would receive a thirty year sentence to be not credible. Plea counsel conducted a proper investigation, adequately conferred with Applicant, and was thoroughly competent in his representation. He advised Applicant of the possible sentencing range for his charge. He also explained to Applicant that the sentencing judge could issues a sentence between thirty years and life. Accordingly, the Court finds plea counsel's advice was not deficient in this regard.
>
> Furthermore, the plea colloquy reveals the sentencing judge and plea counsel informed Applicant of the range of possible sentences. (Plea Tr. p. 5, lines 5-7; p. 21, lines 21-25). Applicant also acknowledged at the plea colloquy that he understood the terms of his plea. (Plea Tr. p. 12, line 22-p. 13, line 9). Accordingly, any misconception he may have had about the possible sentence was cured by the plea colloquy. Holden v. State, 393 S.C. 565, 575, 713 S.E.2d 611, 616 (2011) (citing Bennett v. State, 371 S.C. 198, 638 S.E.2d 673 (2006); Burnett v. State, 352 S.C. 589, 576 S.E.2d 144 (2003); Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998); Wolfe v. State, 326 S.C. 158, 485 S.E.2d 367 (1997)). Therefore, Applicant has failed to demonstrate his guilty plea was involuntary.

*Id.* at 78–79.

In his response, Petitioner alleges he would not have entered a guilty plea if his counsel had told him he was uncertain Petitioner would be sentenced to 30 years. [ECF No.

15

16 at 1]. Petitioner claims he asked his counsel "plainly if I go in front of Judge Nettles do you think you can get me the 30 years he said yes." *Id.* Petitioner argues this is the reason he "took a plea deal." *Id.*

The undersigned finds Petitioner has failed to show the PCR court unreasonably applied the mandates of *Strickland* or other United States Supreme Court precedent in deciding his involuntary guilty plea and ineffective assistance of counsel claims. In light of the evidence presented during the PCR hearing, the undersigned finds support for the PCR court's finding that Petitioner failed to show his guilty plea was induced by counsel's mis-advice. Additionally, Petitioner has failed to establish by clear and convincing evidence that the PCR court's conclusion that "any misconception [Petitioner] may have had about the possible sentence was cured by the plea colloquy" was an unreasonable factual determination. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (finding the determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Accordingly, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determinations of this issue. Petitioner has not shown he is entitled to federal habeas corpus relief on Ground One, and the undersigned recommends that this petition be denied and

16

dismissed with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment. [ECF No. 12].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 31, 2016                                   Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).