IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Rodney Dale Ivey, #324929,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Warden of Kirkland Correctional Institution,<br><br>　　　　　Respondent. | C/A No. 1:16-1037-JFA<br><br><br>**ORDER** |

　　　　Rodney Dale Ivey ("Ivey") filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at Kirkland Correctional Institution of the South Carolina Department of Corrections. Ivey alleges that his Constitutional rights have been violated based on a single ground of ineffective assistance of counsel. (ECF No. 1).

　　　　The Respondent filed a motion for summary judgment on June 21, 2016. (ECF No. 12). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Ivey of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond to the Respondent's motion. (ECF No. 14). Ivey filed a timely response on July 12, 2016. (ECF No. 16). The Respondent filed a reply in opposition to Ivey's response on July 14, 2016. (ECF No. 17).

　　　　The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should grant the Respondent's motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made,

summary judgment. (ECF No. 18). The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Ivey was advised of his right to object to the Report, which was entered on the docket on August 31, 2016. However, Ivey failed to file any objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation, **GRANTS** the Respondent's motion for summary judgment (ECF No. 12) and denies Ivey's petition.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

September 29, 2016                           Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge

---

and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."